UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

SHAVON EDWARDS as mother and natural guardian of infant M.D.,

                              Plaintiff,

                  -against-

CITY OF NEW YORK; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                             Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

14 CV 7262

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.    Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff M.D. was a resident of Richmond County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 4:00 p.m. on July 24, 2013, M.D. was lawfully in the area of 933 Spartan Avenue in Staten Island, with his friends.

12. Defendant police officers arrived at the above location and, without provocation and for no known reason, began to violently batter and assault M.D., after handcuffing him.

13. A defendant officer slammed M.D. onto the hood of a car.

14. Another defendant officer put gloves on his hands and proceeded to punch M.D. in the face several times with closed fists.

15. M.D. had complied with all of the officers' commands and had in no way resisted defendants at any time.

16. Defendants fractured M.D.'s nose.

17. Although M.D. was obviously injured and bleeding from his face, defendants did not take him to a hospital, but instead took him to a police precinct.

18. M.D. was eventually taken to a hospital where he was diagnosed with a fracture, treated and given medication for his pain.

19. M.D. required follow-up medical treatment for his injuries following his release from incarceration.

20. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

21. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

22. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

23. M.D. suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, pain, bodily injury and anxiety.

### FIRST CLAIM
### Unreasonable Force

24. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

26. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SECOND CLAIM
### State Law Assault and Battery

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

29. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

30. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## THIRD CLAIM
### Negligent Hiring, Training and Retention

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

33. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

34. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

35. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Intentional Infliction of Emotional Distress

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

39. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

40. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
## Negligent Infliction of Emotional Distress

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

44. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

45. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior.*

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

49. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

50. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### *Monell*

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. This is not an isolated incident.

53. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

54. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

55. The City, through its police department, has a *de facto* policy that permits and encourages the use of excessive, unwarranted and brutal force against arrestees.

56. The City, at all relevant times, was, upon information and belief, aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

57. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

58. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:     December 12, 2014
           New York, New York

                                    HARVIS WRIGHT & FETT LLP

                                    _____
                                    Baree N. Fett
                                    305 Broadway, 14th Floor
                                    New York, New York 10007
                                    (212) 323-6880
                                    bfett@hwf.nyc

                                    *Attorneys for plaintiff*